# Anniston City Land Co. *v.* The State.

## *Back Tax Assessment.*

(Decided November 27, 1913.  64 South. 110.)

1. *Taxation; Exemption; School Property.*—A lot with the buildings thereon which was let by the owner as a school building, and so used, but which was also used as a lodging and 'boarding house, and for the accommodation of persons not connected with the school, and not members of the family of the faculty, was not exempt from taxation under section 91, Constitution 1901, for the year for which it was so used.

2. *Same; Assessment; Conclusiveness.*—Where, by its duly commissioned agents, the state has once assessed property, such determination is judicial and conclusive, unless impeached for fraud or want of jurisdiction, or reversed and set aside by some tribunal having authority to review.

3. *Same.*—The proceedings examined and held to be in effect, though not professedly, not for the collection of taxes, but to review, revise and increase assessments on which taxes had been once collected, and that the state could not so question the validity of such taxation, nor revise it on account of errors or irregularity.

4. *Same; Collateral Attack.*—Where land has been returned for assessment and accepted by the commissioners' court, and the taxes so fixed have been collected, although an exemption was claimed as to part of the property, such assessment cannot be attacked or impeached in a collateral proceeding by the state purporting to collect back taxes, on account of errors or irregularity.

5. *Same; Roll; Parol Evidence.*—Parol evidence is admissible to explain descriptive matter in the assesment, or to apply it to intended objects, provided the assessment roll itself furnishes an unmistakable clue to the application of such evidence; otherwise, the record imports complete verity and can neither be impeached nor diminished by parol.

APPEAL from Calhoun Circuit Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Proceedings by the state of Alabama for the assessment and collection of back taxes on certain lands of the Anniston City Land Company claimed to be exempt because used for school purposes.  From a judgment subjecting the land to such taxation, the Land Company appeals.  Reversed and remanded.

[Anniston City Land Co. v. The State.]

For former appeal in this case see 160 Ala. 252, 48 South. 659.

BLACKWELL & AGEE, for appellant. The property being used for school was exempt from taxation under section 91, Constitution 1901. In any event, the property had been assessed for taxes and the taxes paid, and the present proceedings was violative of section 3979, Code 1896. The best evidence was the tax roll itself, and the court erred in the admission of parol evidence.—*A. C. L. Co. v. Edmonson,* 141 Ala. 366; *State v. Martin,* 160 Ala. 181; *Brassell v. Fisk,* 153 Ala. 558. The primary use of the building was for school purposes, and the other uses were secondary and incidental.—*Missouri v. Johnson,* 214 Mo. 656. Its use for other incidental purposes during vacation, does not interrupt its exclusive occupation as a school.—14 R. I. 307; 98 N. Y. 121; 99 Vt. 202. But in any event the state cannot by this proceedings revise and change the former proceedings assessing this property for taxes, having received the payment of the same.—*Pollock v. Muscogee Mfg. Co.,* 108 Ala. 472; *Frank v. Meyers,* 97 Ala.; *Loyd v. Oates,* 143 Ala. 231.

ROBERT C. BRICKELL, Attorney General, W. C. TUNSTALL, Solicitor and W. P. ACKER, for appellee. The uses to which the property was put took it out of the exemptions provided by section 91, Constitution.— 53 Tex. 283; 57 S. W. 688; 36 S. W. 495; 85 N. W. 35; 167 Mass. 505; 173 Mass. 232; 181 N. Y. 511; 170 Ill. 277. The description was so vague and indefinite that the property amounted to an escape, and was liable to the assessment here attempted.—37 Cyc. 1057; *Driggers v. Cassidy,* 71 Ala. 529; *Dane v. Glennon,* 72 Ala. 160; *Jones v. Pelham,* 84 Ala. 209; *Zundell v. Baldwin,* 114

Ala. 328; *Smith v. Cox,* 115 Ala. 503. Hence, the assertion that the state is concluded by its former action is not tenable.

SAYRE, J.—This case originated in an assessment for taxation made in the year 1906. The assessment was for the taxes of the then current year, and for taxes which had escaped in the years 1903-05. There was a contest before the court of county commissioners, and an appeal by the property owner to the circuit court. This is the second appeal to this court.—160 Ala. 253, 48 South. 659. On behalf of the owner some proposi- tions are advanced which have not had consideration heretofore.

Section 91 of the Constitution provides that the Leg- islature shall not tax lots in incorporated cities or towns to the extent of one acre, with the buildings thereon, when same are used exclusively for schools. The old "Anniston Inn" was let by the owner for use as a school building during the years for which the state claims taxes; but it now appears that it was not used during those years exclusively for school purposes. It was used as a school; but it also appears to have been used as a lodging and boarding house. The evidence shows to our satisfaction that persons having no con- nection whatever with the school, and who were not members of the families of the master or his faculty, other families, occasional visitors to Anniston, dele- gates to conventions, and baseball players, from time to time, in term time and in vacation, lodged and boarded in the building. This use was customary and continu- ous. Indeed, it appears that no respectable white per- son was ever during the time denied accommodation in the building. In *State ex rel. v. Johnston,* 214 Mo. 656. 113 S. W. 1083, the court, declaring the property

there in question exempt on facts which will be here-after stated, said that: "If the incidental use * * * does not interrupt the exclusive occupation of the building for school purposes, but dovetails into or rounds out those purposes, then there could fairly be said to be left an exclusive use in the school on which the law lays hold." Appellant relies upon that case. We can find no objection to the general principle declared. It leaves us, however, to determine what other uses are so incidental as not to interrupt an exclusive use for school purposes, and that determination must depend upon the facts of the individual case. In the Missouri case, above, there was a boarding school for boys, and the proprietor and members of his family, his wife and children, occupied rooms in the school building. Adult members of the family took part in the work of the school either as instructors or as assistants in its necessary domestic economy to which even the minor children were shown to have contributed at times in some ways. In *Willard v. Pike,* 59 Vt. 202, 9 Atl. 907, parts of the building were let to teachers as dormitories or for residence. In *School v. Gill,* 145 Mass. 139, 13 N. E. 354, surplus products of the farm, kept for the supply of the school, were sold; but the proceeds were applied to the uses of the school. This statement of the facts in those cases will suffice to distinguish them from this case. Here, without doubting that the building, or rather, perhaps, the larger part of it, was used in good faith for educational purposes during the period in question, we are of opinion that the different uses to which we have referred, though they must have been induced by the personal convenience or interest of the lessee, cannot in any just and proper sense be said to have proximately contributed to the uses of education. They were incidental of course, and it may be that the space

so occupied was not needed for the school; but the property unit was indivisible, and they interfered effectually with that exclusive use for school purposes which the Constitution exacts as a condition of exemption from sharing the burdens of the state. The claim of exemption for the building was properly disallowed for the year 1906.

Appellant next contends that the property was assessed for the years 1903, 1904, and 1905, and for that reason was not subject to assessment as an escape. That part of the assessment appellant would now avoid on the ground last stated purports to be as an escape for the years mentioned. In the assessments made in due course in each year prior to 1906 by the owner, and accepted by the assessor and the commissioners' court, the property was described and valued as follows: "Block 145, that part not exempt, $1,000.00. Block 145 contained about four acres of land in the city of Anniston, and upon it was the school building, the old "Anniston Inn," covering about one acre. The fair taxable value of the entire block, including the building, all question of exemption apart, all along was $25,000, as the parties are agreed. Rendering its decree in favor of the state, the court below allowed the amount shown to have been paid for previous years on the assessments at $1,000 as a credit to appellant, and adjudged its liability for the balance on an assessment at $25,-000. Appellant, referring to the principle obtaining in the construction of conveyances, contends that the exception stated or exemption claimed in the assessments was void for uncertainty, and hence that the assessments must be taken as embracing the entire block 145, whether or not any part of it was in law entitled to exemption, that the taxing agencies of the state must be held to have so accepted and acted upon them, or that

[Anniston City Land Co. v. The State.]

the exemption was allowed as claimed, and that in either case the result of the proceedings had in each of the several years 1903-05 is now res adjudicata. In this connection appellant refers to the statute of force during those years, and at the time this proceeding originated in the commissioners' court (section 3979 of the Code of 1896), providing that "no change shall be made in the valuation of any preceding year when the taxes have been collected on said property," as was the case here. Appellant further suggests that the finding and decree of the trial court is self-contradictory and repugnant, and therefore necessarily erroneous, in that it holds the property liable as for an escape during the years prior to 1906, and yet allows a credit as above stated.

It is a principle of taxation that, where the state has once proceeded by its duly constituted agencies to the assessment and valuation of property, the determination is judicial in its nature, and conclusive in its results, unless impeached for fraud or want of jurisdiction, or reversed and set aside by some tribunal having authority to review.—37 Cyc. 1071. The proceeding now in hand, in so far as it seeks to collect escaped taxes for the years 1903-05, requires an interpretation of the meaning and effect of the original assessments for the then current years. Was the entire property then assessed and valued for taxation, or was the exemption now claimed then allowed? In either event the state is now proceeding in effect, though not professedly, not for the collection of taxes which have escaped, but to review, revise, and increase assessments on which taxes have been once collected.

We conceive that the doctrine, obtaining in the construction of conveyances containing exceptions which are void for uncertainty, lends but doubtful aid in the

[Anniston City Land Co. v. The State.]

solution of the question presented. An assessment be-comes the foundation of a new title in the event the tax is not paid, and for that reason, among others, should adequately describe the property. But here is no issue as to title—the taxes called for by the several assess-ments have been paid, and the question is upon the propriety or possibility on any legal principle of as-signing and treating them as levied upon a part of the property to the exclusion of the remainder, thus leav-ing the remainder assessable in a subsequent year as an escape. Evidently the concurring intention on the part of the owner and the taxing agencies of the state was that a part of the block should be taxed, another part exempted. These assessments, though they left the re-spective parts wholly indeterminate, covered the entire property. They were obviously defective. It might be conceded, in accordance with the state's contention, that no one of them would have furnished a datum point for the establishment of a new title in the pur-chaser had a sale followed. Still, with that concession, the fact remains that the entire block was assessed either for taxation or as exempt, and upon such assess-ments the state has collected its taxes. Their validity as affecting those collections cannot now be question-ed, nor can they be revised or impeached in this collat-eral proceeding on account of errors or irregularities.—37 Cyc. 1072. The state is now permitted only to show that definite property escaped the consideration and judgment of its taxing authorities as that consideration and judgment is shown by the records which the law requires to be kept. This it has been unable to do.

It appears that the state undertook by parol testi-mony to explain these assessments for the years 1903-05 by showing that, when the owner made the returns upon which the assessments were based, the owner, or

its agent making the returns, intended thereby to claim the "Inn" as exempt, and to return the remainder of the block for taxation. This evidence was received, and the decree rendered seems to involve the trial court in a finding in accordance with the state's theory of the facts. But, according to the views we have expressed, this did not help the situation for the state. The admission of this testimony was erroneous, because its purpose was to revise the assessments in a collateral proceeding. It was also erroneous for the reason that one effect was to explain by parol a fact as to which the assessment rolls contained no intimation whatever. An assessment must be shown by record evidence which the statue requires shall be kept. Parol evidence may be admitted for the purpose of explaining descriptive matter in the assessment, or applying it to its intended object, provided the assessment roll itself furnishes an unmistakable clue for the application of such evidence. 37 Cyc. 1071. But, with that qualification, the rule is that the record imports complete verity, and can neither be increased nor diminished by any averment or proof.—*Milbra v. Sloss-Sheffield Co.,* 182 Ala. 622, 62 South. 176. In this case the tax record shows that the entire property was assessed, in part for taxation, in other part for exemption; but it cannot now be determined by competent evidence what part was taxed, what allowed as exempt. The assessments themselves furnish no clue. To admit parol testimony to show what the owner intended, though he gave no intimation of his intention, or what the assessing agencies of the state intended, would lead in principle to this result, that the entire assessment may rest in parol—an impossible state in which to leave proceedings upon which the title of all property may at some time depend. We are at the conclusion, therefore, that this proceeding is in effect an

effort on the part of the state, not to reach property that has escaped taxation, but to revise assessments once made, and upon which taxes have been collected. The defect in these assessments might have been remedied by the assessor or the commissioners' court during the then current years. It is now too late either to change the valuation or to annul an exemption then claimed and allowed.

Reversed and remanded.

DOWDELL, C. J., and MCCLELLAN and SOMERVILLE, JJ., concur.