# State *v.* Doster-Northington Drug Co.

### Taxation.

(Decided February 10, 1916. Rehearing denied March 30, 1916. 71 South. 427.)

1. Taxation; Tax Year.—The tax year commences October 1st, and ends September 30th following.

2. Same; Assessment; Nature.—The assessment and valuation of property is in its nature a judicial determination, and is final, unless impeached for fraud or lack of jurisdiction.

3. Same; Escapes.—Section 2260, Code 1907, expressly confers upon the county tax commissioner authority to make assessments for escaped taxes for not more than five years preceding.

4. Same; Correction; Time of Making—Where the county tax commissioner has duly assessed escaped taxes, and the tax payer has concurred, and the taxing authorities seek no review or annulment thereof within the tax year, the assessment becomes final and binding on the authorities and the taxpayer after the expiration of the tax year.

5. Same; State Commission; Power.—Notwithstanding the right of general and complete supervision is given to the State Tax Commission by § 2223, Code 1907, yet in view of the provision of § 2260, Code 1907, and the other statutes, the power of the State Tax Commission to set aside valuations and assessments must be exercised before the end of the current tax year.

6. Same; Escaped; When Payable.—After an escaped assessment is made it becomes due and payable and enforceable as other taxes, except that a 10% penalty is added by § 2266, Code 1907.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by the State of Alabama against the Doster-Northington Drug Company, relative to certain escaped taxes. From a decree sustaining demurrer to the complaint filed, the State appeals. Affirmed.

WM. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State. E. J. SMYER, and CHARLES E. RICE, for appellee.

THOMAS, J.—The appellee, a corporation conducting its business in Jefferson county, Ala., was assessed by the county tax commissioner of said county on its escape solvent credits and credits of value, for the tax years running from October 1, 1908, to September 30, 1912, inclusive, to the amount of $10,000, and for the year beginning October 1, 1913, to the amount of $20,000.

This aggregate assessed value, for these years, of $70,000, was fixed on August 5, 1914, in pursuance of the provisions of section 2260 of the Code of 1907, by the county tax commissioner, and was agreed to by the taxpayer, appellee; and said assessment was thereafter filed by the county tax commissioner with the tax collector of Jefferson county for collection.

On November 3, 1914, the state tax commission disregarded this assessment made and returned to the tax collector, and made a revaluation and reassessment of the same "solvent credits and credits of value" of appellee, for each of said years, fixing the

escape value of each year at $25,000. In pursuance of such reassessment the state tax commission issued notice to said appellee company to appear before said commission on December 1, 1914, to show cause why the assessment should not be enforced, as on the valuation so fixed by that body.

By its attorney the Doster-Northington Drug Company, on December 7, 1914, made a special appearance before the state tax commission, and moved for the dismissal of the cause on the ground that the tax year in which the assessment was made by the county tax commissioner had expired on the 30th day of September, 1914, that the assessment became final on October 1, 1914, and that the state tax commission had no jurisdiction, power, or authority, after the expiration of the tax year (on November 3, 1914), to set aside and hold for naught the assessment made by the county tax commissioner. On December 28, 1914, the state tax commission overruled appellee's motion, and entered an assessment against it of $15,000 a year for each of said years, on its solvent credits and credits of value, making an aggregate valuation for said years of $90,000.

Appellee thereupon filed bond and appealed to the circuit court of Jefferson county, where the state filed a complaint containing two counts, setting up the facts in substance as we have stated them. In the second count of the complaint, in addition to the stated facts, there were allegations on the part of the state, by which it sought to *raise* appellee's assessed value over the amount so assessed by the state tax commission, to the extent of $5,000, or to the total sum of $95,000 for the years in question, whereas the total assessed valuation by the state tax commission, for such period, was $90,000.

Defendant demurred to each count of the complaint, and assigned as grounds, in substance, that the assessment made by the county tax commissioner became final on the 1st day of October, 1914, and that thereafter, and on November 3, 1914, the state tax commission had no jurisdiction or power to set aside the assessment made by the county tax commissioner, and reassess or revalue the property. The court sustained the demurrer. The state excepted, and takes this appeal.

(1) This court has held that the tax year commenced on October 1st and ended with September 30th.—*Frost v. State,* 153 Ala. 654, 45 South. 203; *Hooper v. State,* 141 Ala. 111, 37 South. 662. There are many statutes that fix this demarcation of the

tax year. Taxes are declared to be due and payable on the 1st day of October of each year (Code, § 2091; Acts 1915, p. 392, § 8, page 399, § 18) ; and all property brought into the state after the first day of October, and before the assessor has completed his assessment, is subject to taxation, the same as if it had been held or owned in the state on the 1st day of October (Code, § 2092) ; the lien of state and county, for taxes, is fixed from and after the 1st day of October (Code, § 2093) ; and the tax assessments must commence on the 1st day of October in every year, (Code, § 2102). When the Constitution required the payment of poll tax for the year 1901, before February 1st, it referred to the tax year as fixed by the statute of 1900-01—this poll tax having become fixed on October 1, 1900, and due on October 1st, succeeding.— Const. § 178.

(2) If the state through its duly constituted officers has exercised the final power of assessment and valuation of property, the determination is in its nature judicial (*State Tax. Comm. v. Bailey, et al.,* 179 Ala. 620, 627, 60 South. 913; *Orr v. State,* 3 Idaho [Hasb.] 190, 28 Pac. 416) ; and unless impeached for fraud or lack of jurisdiction, or reviewed by appellate authority, it is final (*Anniston City Land Co. v. State,* 185 Ala. 482, 487, 64 South. 110; 37 Cyc. 1071).

(3) The authority to make the assessment for escaped taxes was expressly conferred on the county tax commissioner by section 2260 of the Code of 1907; and it was his duty to assess, for "any preceding year not more than five years before that time," and to forthwith deliver the assessment to the clerk of the court of county commissioners, or other court of like jurisdiction, for hearing the taxpayer, unless the taxpayer, upon being notified by the tax commissioner that he had made such assessment, agreed with the tax commissioner upon the same, and paid over to the collector of the county the amount of taxes and fees due by him.

(4) The power of the county tax commissioner having been duly exercised, and his findings concurred in by the taxpayer, the assessment became final after the expiration of the tax year. If the action of the county tax commissioner was final as to the taxpayer, it must of necessity have been of like binding force on the tax official.

The fact that the assessment was of escape properties for five years, would not differentiate it from any other assessment, or from an escape assessment for any one year in question. If

[State v. Doster-Northington Drug Co.]

the state tax commission had the jurisdiction and authority to set aside this assessment on November 3, 1914, it would have like authority, after the expiration of the tax year and before the payment of taxes on the given assessment to set aside any assessment made by a taxpayer during the preceding year. It could not be said with reason that such power was conferred on the state tax commission, as to all taxpayers who had not paid their taxes on October 1st, but not as to taxpayers who had paid their taxes on or before that date, or before the date of the attempted revaluation. If this were the rule, owners and purchasers of property would be subjected to inconvenience, uncertainty, and changing financial obligation, to the state and the county.

The reasonable construction of the power of assessment of taxes, and of the review thereof, should be to the end that a stable and uniform system prevail in the state; and so, when annulment or review is not sought within the period of the tax year, that matured assessments shall be binding alike on the tax-payer, and on the taxing authorities. Of course, it could not be maintained that a proper proceeding, begun within the tax year by the duly constituted authority, to assess, or cause to be assessed, or to set aside and hold for naught the assessment upon, a given valuation for taxation, may not be conducted and concluded beyond the expiration of the tax year; nor that escape taxes, coming to the knowledge of the taxing authority, may not be assessed, or resisted, beyond the period of any one tax year within the limitation of the statute.

The power of the state tax commission has been discussed by Chief Justice ANDERSON in *State Tax Commission v. Bailey, et al.,* 179 Ala. 620, 628, 629, 60 South. 913, 916, and in that case he expressly reserved the question now here for decision, by the use of this language: "As to whether or not an assessment may be set aside, after the 1st of October succeeding the expiration of the tax year, we need not decide, as the order of the commissioners' court, in the present instance, was set aside before the expiration of the tax year, and after this was done there was no existing assessment *to become final upon the expiration* of the said tax year. Nor did the setting aside of this order reinstate the assessment made by the tax assessor. * * * This board was created for the purpose of exercising a general superintendence and supervision over the assessment and collection of taxes throughout the entire state, and it was not contemplated that

dereliction on the part of their subordinates would result only in a single county, or that the state commission could exercise its revisory powers in all the counties between the determination of the county commissioners and the 1st of the succeeding October; and, while it may be that said orders had to be set aside before the 1st of October, it is not required that the reassessment and revaluation by the state commission should be made before that date."

In the instant case, the valid assessment made by the county tax commissioner, and agreed upon, after notice, by the taxpayer and the commissioner, and returned to the tax collector of the county, and no action for review begun by the state tax commission, or by its authority, during the current tax year, constitute a state of facts that distinguishes this case from that of *State Tax Commission v. Bailey, et al., supra.*

(5) The two provisions of the statute (Code, §§ 2223, 2260), when considered with the whole system of taxation provided for the state, and with due regard for the property rights of the citizen, as well as for the right of the state to equalize the burdens of taxes and to provide its revenues, can only mean that the right of general and complete supervision given in section 2223 to the state tax commission must be reasonably exercised.

If section 2223 can be construed to confer authority on the state tax commission, at any time after the expiration of the tax year, to set aside and hold for naught any valuation of assessment of property made by the owner or any of the officers authorized by law to make assessments, it might become the source of great vexation, and of even oppression, to the taxpayer, and render uncertain property rights, and subject the taxpayer and his property to unreasonable and uncertain claims and tax liens.

A proper construction, therefore, of section 2223, in connection with section 2260 and with the general taxing system of the state, would require that this power "to set aside and hold for naught" tax valuations and assessments be exercised by the state tax commission before the end of the current tax year. This is in consonance with the holding in *State Tax Commission v. Bailey, et al., supra.*

(6) The assessments in question, made on August 5, 1914, grew out of the decision in *State of Alabama v. Alabama Fuel & Iron Co.*, 188 Ala. 487, 66 South. 169, L. R. A. 1915A, 185, holding solvent credits a subject of taxation. After the decision, and

before the expiration of the tax year, the state tax commission had the authority, and had ample time, to give to the several county tax commissioners needful instruction, in the premises, as to this class of escape assessments. Not having done so in this case, it had no authority, after the expiration of the tax year, *to begin proceedings* for annulment, for after an escape assessment is made, it in fact. and in law, as any other assessment, becomes due and payable and enforceable, except only that 10 per cent. penalty is added. thereto.—Code of 1907, § 2266.

The cause is affirmed.

Affirmed. All the Justices concur.