(79 South. 561)·

### EMPIRE MINING CO. v. BOWERS.
### (6 Div. 818.)

(Supreme Court of Alabama. June 29, 1918.)

1. TAXATION ☞537—RECOVERY OF TAX PAID —GROUNDS—ORDER OF BOARD OF EQUALIZATION.

Where the hearing on increase in valuation of certain property was before only one member of county board of equalization, the order of the whole board, rejecting the valuation fixed by such member, which had been agreed to by taxpayer, and placing higher valuation on the property without notifying taxpayer of such rejection and increase, was sufficiently valid to preclude taxpayer from recovering taxes paid according to assessment thereunder.

2. TAXATION ☞486—VALUATION — COUNTY BOARD OF EQUALIZATION.

Where taxpayer was notified of proposed increase in valuation of property, and county board of equalization merely delegated one member to hold the hearing thereon, the taxpayer could not be heard to complain of board's action in so doing after having consented thereto, although board was not bound by valuation fixed by such member.

3. CONSTITUTIONAL LAW ☞284(2) — TAXATION ☞452—DUE PROCESS OF LAW—VALUATION OF TAXABLE PROPERTY—NOTICE.

Where hearing on proposed increase in valuation of certain property was held before only one member of county board of equalization, the rejection by the whole board of the valuation fixed by such member and the placing of a higher valuation without first notifying taxpayer is not taking property without due process of law; the taxpayer having right of appeal from board's order.

4. TAXATION ☞486—VALUATION—MEETINGS OF BOARD OF EQUALIZATION.

Where statute provided for regular and called meetings of the board of equalization, and also provided that acts and judgments should not be void because done and rendered at times not authorized, an order, rejecting the valuation fixed by one member after the hearing was held before such member only, placing higher valuation on the property, was not void because made at meeting held at time unauthorized by statute.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by the Empire Mining Company against P. B. Bowers. Judgment for defendant, and plaintiff appeals. Transferred from the Court of Appeals under section 6, Act April 18, 1911 (Acts 1911, p. 449). Affirmed.

See, also, 199 Ala. 482, 74 South. 937.

The following is the statement of facts as made by the appellant's brief:

"Appellant, within the time and as required by law, filed return of its lands, which was all of its property, with the tax collector of Jefferson county, Ala., for the tax year beginning October 1, 1915. and ending September 30, 1916. On June 1, 1916, appellant received notice from the board of equalization of said county of a proposed increase in the valuation for taxation of this property over the valuation of the preceding year.

"Appellant appeared before the board on the third Monday in June, 1916, and the board declined and refused, as a board, to hear the objections of appellant, or of any other property holder. The board announced publicly that it was. physically impossible, on account of the number of property holders cited (there being several thousand different property holders who had been cited to a raise as appellant was) for the full board, or a majority of the board to pass upon or consider the objections of any property holder, and that each member of the board separately would hear and pass upon the objections of the property holder coming before each separate member of the board, and further announced that the cases of the different property holders would be heard in the order in which property holders presented themselves, except that, if the property holder desired his case set down for a particular day, the case would be set.

"On application of appellant the board fixed July 12, 1916, as a day for hearing appellant's case, and the objections of appellant, and on that day appellant appeared before the board, and the chairman of the board referred the hearing of appellant's case to one Klyce, a member of the board, and Klyce heard the objections and fixed the valuation of appellant's property at $52,560, and entered this valuation as the tax valuation of the property on the proper tax record, and required appellant in writing to agree to this valuation. At the time Klyce heard appellant's case, the other two members of the board were in the same room, within a few feet of Klyce, using the same books, and at the same time each hearing the case of a property holder as Klyce was hearing the case of appellant.

"The board, as a board, declined and refused to hear any case of any property holder, and it was understood by each property holder that the decision of the member of the board, hearing the case, was final. From the time of the fixing of the valuation by Klyce of appellant's property on July 12, 1916, which valuation appellant agreed to, and in writing on the direction of Klyce, agreed to on the tax records, the appellant supposed that its case was settled and disposed of, and heard nothing further in regard to the case until the 23d day of September, 1916, when it received notice by post card through the mail, purporting to be signed by the chairman of the board, which post card notified appellant in substance that on September 22, 1916, the valuation of appellant's property as fixed by Klyce had been changed to $70,-650, and appellant then, upon examining the tax records, ascertained that some one had made a change on the tax records of the assessed valuation to $70,650 in lieu of the valuation of $52,560 as fixed by Klyce.

"From the time the valuation was fixed by Klyce on July 12, 1916, to the time appellant received said post card on September 23, 1916, appellant had no knowledge, information, or notice that the board of equalization, or any member thereof, was dissatisfied with the valuation fixed by Klyce, or that the board, or any member thereof, was going to take up or consider or pass upon the valuation of appellant's property again on September 22, 1916, or at any other time.

"Appellant does not know who made the change in the valuation on September 22, 1916, or whether there was a special session of the

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

board at that time, or, if a special session, whether the whole board or any two members of the board ordered or made the change.

"After receiving the post card notice of the increase in valuation, appellant filed a petition for mandamus, to require the valuation as fixed by Klyce to be reinstated on the tax records. The case went to the Supreme Court, and the Supreme Court adjudged that the valuation as fixed by Klyce was invalid, and that appellant could not force a reinstatement of that valuation.

"The tax valuation of this same property of appellant for the preceding year was $54,600, and, pending the litigation in the mandamus case, when taxes became due, as required by law, appellant paid to the tax collector taxes on this property on the valuation of $54,600, or the preceding year's valuation.

"After the Supreme Court decided the mandamus case, the tax collector of Jefferson county made demand on appellant for taxes on the changed valuation of the property of $70,650, less a credit of the taxes paid on the preceding year's valuation of $54,600, and, on the refusal of appellant to pay, was proceeding to make sale of appellant's property, and on June 6, 1917, in order to prevent a sale, and under protest, appellant paid to the tax collector $364.36, which was the amount the collector then demanded, appellant giving notice at the time of payment that it would sue to recover the amount paid.

"The appellant filed suit to recover this amount on June 7, 1917. The defendant filed a demurrer to the complaint (there being but one count in the complaint), and on the hearing the court sustained the demurrer, to which ruling of the court the plaintiff excepted, and then the plaintiff took a nonsuit with bill of exceptions, and this appeal is taken by appellant, and the ruling of the court in sustaining the demurrer is assigned as error.

"There is but one count in the complaint, and the facts are more fully set forth in the complaint. Attention is called to the fact that under a general law approved March 24, 1911 (Acts 1911, p. 130), the tax collector of Jefferson county also collects the taxes of the city of Birmingham."

E. J. Smyer, of Birmingham, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for appellee.

MAYFIELD, J. This is an action by appellant, a taxpayer, to recover of appellee, the tax collector of Jefferson county, a given amount paid him as such tax collector under protest.

Appellant claims that the assessment of its property, or the fixing of the value thereof, was illegal and void, for that the valuation was fixed by the county board of equalization at an excessive amount, and without proper or sufficient notice to appellant of the hearing or meeting at which the valuation was fixed by the board; second, that the meeting of the board at which the valuation of its property was fixed was held at a time not authorized by law, and that the acts of the board at such meeting were on that account void.

The reporter will set out the statement of facts as made by appellant in its brief, by means of which this opinion can be the better understood.

It appears that plaintiff taxpayer did have notice of the proposed increase of the valuation of its property, and appeared in response to the notice. It was not heard, however, by the whole board, but by one member only; and this member acting alone, attempted to fix a valuation, which was agreed to by the taxpayer. The whole board did not agree to this valuation fixed by one member, but fixed the valuation at a different and greater amount, and then notified the taxpayer of its action. The taxpayer denied the board's authority to then so fix a valuation, claiming that the valuation had theretofore been fixed for that year, by one member of the board, which valuation it had accepted; that that act was final and conclusive, and that the board had no power or authority to set aside the former valuation, and fix the latter amount. The taxpayer applied to the circuit court for a writ of mandamus, to compel the county board to annul the last order fixing the higher valuation, and to leave in force the valuation fixed by one member of the board. The circuit court granted the petition for mandamus, and ordered the writ to issue in accordance with the prayer. The county board appealed to this court, and obtained a reversal of the judgment of the circuit court, this court holding that the valuation fixed by one member of the board was void; but this court declined to decide the question as to the validity of the subsequent order of the full board. See report of that appeal, McLendon v. Empire Mining Co., 199 Ala. 482, 74 South. 937.

[1, 2] That question, the validity of the last order, is now before the court; and we hold that it was not absolutely void, nor even void or erroneous in any sense that would authorize the taxpayer to recover back the amount of taxes paid in accordance with the assessment made under it, or any part thereof. It is true that it is made to appear that the plaintiff may have been misled to its detriment, by the action of the one member of the board who heard its application and fixed the value; but this was the fault of one member only, and that of the taxpayer, as to the law, and not that of the board as a whole. The board might designate one of its members to hear a particular complaint, or to hear or to receive certain evidence; and this is all that appears to have been done by the board as a whole. Even if they could not do this and the taxpayer consented thereto, it would not be heard to complain although the state, county, or municipality might not be bound thereby.

[3] As said on the former appeal, if the board had adopted the valuation fixed by the one member, a different question would have been presented. This the board did not do, but rejected such valuation. Having rejected it, it would have been proper, though not necessary, to issue another notice to the taxpayer, informing it of such rejection, before fixing another valuation. The board did, however, notify the taxpayer to that effect.

but not until after it had fixed a different valuation. If the taxpayer was not satisfied with this valuation, the statute gave him the right to have it corrected on appeal. This right he failed to invoke, but attacked the action of the full board as absolutely void, and sought to have it so declared on mandamus. It is the case of a taxpayer's mistaking his remedy, and not the case of an attempted denial to him of all remedy to correct the error. Such mistakes as that shown by this record—to which the taxpayer contributed or is a party—do not involve denial of due process of law. Neither the statute in question, nor the action of the board of equalization under it, denied the appellant the due process which the Constitution guarantees. The right to have its property assessed at a given value, rather than the one fixed by the board, if lost to appellant, was so lost—partly, at least—by its own fault in not appraising and in not ascertaining whether or not the board accepted the valuation fixed by one of its members.

[4] The order of the board fixing the valuation was not void because done at a time not fixed by statute for a meeting of the board. It is true, as contended by appellant, that the acts of the board in ascertaining and fixing the value of property for assessment is judicial or quasi judicial, at least; and that its acts and functions are partly judicial and partly administrative; and that in so far as the board acts judicially, it must do so at the time and place, and in the manner, provided by law, and certainly not in violation of the statute; yet this particular statute under which this board acted provided for regular and called sessions, and then provided that, if acts and judgments should be done or rendered at times not authorized, they should not be void on that account.

The original opinion, that first put out by this court, in the case of Espalla v. Mobile County, 76 South. 2,[1] was possibly susceptible of the construction which counsel for appellant now puts on it; but that opinion was corrected on a rehearing, to prevent such misleading tendencies. In that opinion it is said:

"Section 82 of the act in question reads as follows:

" 'The failure of the county board of equalization to perform any of its duties at the time prescribed or to complete its duties within the time specified by this act, shall not invalidate any assessment or any act of the board made after the expiration of such time. The duty of the county board of equalization to visit, inspect and examine each piece and parcel of real property in the several counties is directory and a failure to do so shall not invalidate the assessment made by such county board of equalization.' Acts 1915, p. 420. It is plain that this section of the act was intended to provide for a case like the one under consideration, and to prevent the acts of such boards from being held void because done at times not authorized by the statute; but this and all other sections fail to expressly provide that the members shall be paid as if they had held

their sessions, or performed the services, at the time fixed by the statute."

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.