140 So. 365

## STATE v. MORTGAGE—BOND CO. OF NEW YORK.

### 6 Div. 20.

Supreme Court of Alabama.
Jan. 14, 1932.

Rehearing Denied March 31, 1932.

Thos. E. Knight, Jr., Atty. Gen., Frontis
H. Moore, Asst. Atty. Gen., and Thos. J. Judge
and Horace C. Wilkinson, both of Birming-
ham, for the State.

408

Howze & Brown, of Birmingham, for appellee.

BOULDIN, J.

By an act approved June 10, 1931, amending section 25A of the Revenue Act of September 13, 1923, it is declared: "D. That in all counties of the State of Alabama having a population of 300,000 or more according to the last or any subsequent Federal Census the Deputy Tax Assessors appointed under this section shall also have authority and it shall be their duty to list for assessment and taxation any escaped improvements on real property subject to taxation in Alabama which improvements are not entered on any tax return made to the County Tax Assessors or to the State Tax Commission, and shall have the same power and authority as County Tax Assessors in the performance of their duty in the assessment of improvements on real property which have escaped taxation and shall receive the same compensation for listing and assessing or causing to be listed and assessed escaped improvements on real property as they receive for listing and assessing escaped personal property," &c.—Gen. Acts 1931, p. 295.

This and companion cases present this question: Where real estate had been assessed by the owner or by the tax assessor for previous tax years, not listing any improvements, and the taxes were paid as assessed, does the above act authorize an assessment of such improvements as escapes? As a corollary proposition, is parol evidence admissible to show the improvements were on the property and escaped taxation?

Under the law existing at the time of the passage of the above act, in making returns of real estate, the lands and the improvements thereon must be separately listed.

This did not constitute the lands and improvements separate items of property, subject to distinct and separate tax liens. Indeed, the same statutes defined real estate as inclusive of all structures which would pass by a conveyance of the land.

Listing the lands and improvements separately was in aid of fixing the tax valuation of the real estate as a whole. Clearly a sale of the lands for taxes would pass improvements, whether they were separately listed or not. Beltona Coal & Mining Co. v. Hawkins, 210 Ala. 359, 98 So. 26; Delta Land & Timber Co. v. Police Jury, 169 La. 537, 125 So. 585.

Again: "It is a principle of taxation that, where the state has once proceeded by its duly constituted agencies to the assessment and valuation of property, the determination is judicial in its nature, and conclusive in its results, unless impeached for fraud or want of jurisdiction, or reversed and set aside by some tribunal having authority to review. 37 Cyc. 1071." Anniston City Land Co. v. State, 185 Ala. 482, 487, 64 So. 110, 111; State v. Doster-Northington Drug Co., 196 Ala. 447, 71 So. 427; Bower, Tax Collector, v. American Lumber & Export Co., 195 Ala. 572, 71 So. 100; State ex rel. Davis v. Crane Co., 18 Ala. App. 194, 89 So. 901; State Tax Commission v. Bailey & Howard, 179 Ala. 620, 60 So. 913.

From these authorities it is unquestioned law that a valid assessment, though irregular, and subject to correction through the various agencies set up to secure a fair and full assessment to the end that all taxable property shall bear its share of the public burden, when it becomes final and taxes are paid accordingly, the proceedings are binding on the state as well as upon the property owner, the tax lien is satisfied, the abstractor may so regard it.

The property, and no part of it, can be regarded as an escape, or the property be reassessed as an escape.

The record, unless void for want of jurisdiction, cannot be assailed collaterally.

While omission of improvements as one of the elements of value, and an assessment as unimproved lands, means a failure to assess the property with its just share of the public burden, just as in all other cases of undervaluation, the machinery set up is intended to prevent such result, and, when the record is fully made up, it imports verity.

The public good requires security of titles as well as just taxation, and the law aims at both.

Appellant insists the above statute is remedial, and subject to the well-known rule that remedial statutes are retrospective in operation, apply to all cases coming into court after their passage, no matter when the cause of action arose.

The argument rests upon the assumption that the improvements have in fact escaped taxation, but there has heretofore been no remedy, and this statute provides a remedy.

What we have written negatives such assumption. The property as a whole has been assessed, and the tax lien satisfied as to improvements as well as the lands.

This statute must be held, therefore, to create a new class of escapes. Otherwise there would have been no occasion for it.

A statute intended to meet defects of substantive law, to remedy evils growing out of the state of the law, is not a remedial statute within the rule of construction under discussion.

We must hold this is not a remedial statute, but one of substantive law, making that an escape which theretofore was not an escape. To apply it to cases where taxes had been assessed upon the realty of which the improvements were a part and the tax lien fully discharged is to create a new charge and a new tax lien not theretofore known to the law.

It is, therefore, subject to the general rule that statutes are never retroactive, unless made so in clear and explicit terms. Ex parte Buckley, 53 Ala. 43.

That case discusses at length what is remedial legislation within the rule, and serves to differentiate same from this case.

The above statute, expressly applicable to cases where improvements in fact exist, but are not shown in the return, necessarily contemplates parol evidence that such improvements did exist during the taxing period involved. There is no occasion here to discuss legislative competency to strike out the conclusive effect of assessments thereafter made, limiting the adjudication so as not to cut off an assessment of omitted improvements as escaped property; and, as the statute is not made retroactive, there is no occasion to determine whether it could have been so written, and not be invasive of vested property rights.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.