196 So. 130

**STATE v. NEUHOFF.**

**6 Div. 646.**

Supreme Court of Alabama.

May 16, 1940.

Smyer, Smyer & Bainbridge, of Birmingham, for appellee.

Thos. S. Lawson, Atty. Gen., and Chas. L. Rowe, Asst. Atty. Gen., for appellant.

BROWN, Justice.

In a delinquent tax proceeding against appellee and the property assessed by him for the tax year, 1931–1932, the State, on September 1, 1933, obtained a decree in the Probate Court of Jefferson County for the sale of said property for the payment of taxes, State and County, that court taking as the basis of ascertaining the amount of taxes the valuation as made final by the Jefferson County Board of Review.

From that decree the tax payer appealed to the circuit court, and on December 5, 1934, the circuit court, by consent of the parties, rendered a decree on a reduced valuation.

The bill in this case, filed by the State September 12, 1939, prays "that upon a hearing hereof the Court will set aside the decree or judgment of this Court rendered on December 5, 1934, and will order said cause reinstated on the trial docket of said Court to proceed in accordance with law and the rules of this Honorable Court." In short, the State is seeking a new trial.

The demurrer filed by the defendant, taking the point that the bill is without equity, was sustained by the circuit court, hence this appeal.

The argument advanced to sustain the equity of the bill is, on the trial of the case in the circuit court, the taxable value of the property was not an issue; that the valuation placed on the property by the taxing authorities, confirmed by the Board of Review, is conclusive evidence of the value of the property for taxation, and the parties were without authority to substitute a stipulation of facts or agreement in lieu of such valuation, and a decree founded on such stipulation shows error apparent or is void for want of jurisdiction for the court to enter the decree.

■ The authorities are agreed that the valuation of property the subject of taxation, as fixed by the taxing authorities and confirmed by the Board of Review, is conclusive evidence of such valuation, and binding on the tax payer and on the taxing authorities, so long as it is not set aside or changed by competent authority on review as authorized by statute. State v. Doster-Northington Drug Co., 196 Ala. 447, 71 So. 427, Daffin, Tax Assessor v. Scotch Lumber Co., 226 Ala. 33, 145 So. 452.

■ The courts do not take judicial notice of the valuation for tax purposes in a particular case, and the stated rule does not preclude the parties—the state and the tax payer—from trying a pending suit on other evidence.

The statute giving the right of appeal from a decree of sale entered by the Probate Court to the Circuit Court provides, inter alia: "The solicitor of the circuit or county court shall represent the State on such appeal, and of the pendency thereof the judge of probate must give him notice in writing; * * * such appeal must be tried de novo, upon an issue made up under the direction of the court." Gen.Acts 1919, p. 359, § 262.

■ The appeal taken as authorized by the statute conferred jurisdiction on the circuit court to hear the case de novo and to direct the making up of the issues to be tried. The authority is conferred by the statute on the solicitor of the circuit or county in the trial de novo on appeal, and it is well settled law applying to attorney and client, that "counsel have by statute the authority to bind parties by agreements in relation to a cause, and such agreements may not be set aside for any less cause than would warrant the rescission of contracts in general, namely, fraud, accident, mistake, or some other ground of the same nature." Palliser v. Home Telephone Company, 170 Ala. 341, 344, 54 So. 499, 500.

■ And when such agreement is merged in a judgment or decree of a court of competent jurisdiction, such judgment or decree will not be set aside by a court of equity except for fraud, accident or mistake unmixed with negligence on the party seeking relief. Evans v. Wilhite et al., 167 Ala. 587, 52 So. 845.

■■ The allegations of the bill, treating amendable defects as amended, as must be done on considering the demurrer for want of equity, are wholly insufficient to sustain the bill as a bill in the nature of a bill of review, under the doctrine last above stated.

The allegations of the bill fall short of showing error in the proceeding, much less error apparent.

■ If it should be conceded that the failure of the parties to offer in evidence the proceedings of the taxing authorities fixing the tax value of the property was error, it was a procedural error, and wholly insufficient to support the bill as a strict bill of review for error apparent. Rochelle v. Rochelle, 237 Ala. 530, 187 So. 451.

And it is well settled that courts of equity are without jurisdiction to grant new trials in a proceeding at law. Norwood v. Louisville & N. Railroad Co., 149 Ala. 151, 42 So. 683.

Affirmed.

THOMAS, FOSTER, and LIVINGSTON, JJ., concur.