47 So.2d 817

**FUQUA v. SPRY BURIAL INS. CO.**

8 Div. 480, 481, 481-A.

Supreme Court of Alabama.

June 30, 1950.

Application for Rehearing Withdrawn
Oct. 2, 1950.

A. A. Carmichael, Atty. Gen., and Gardner F. Goodwyn, Jr., Asst. Atty. Gen., for appellant.

Hutson & Russell, of Decatur, for appellee.

LIVINGSTON, Justice.

Three appeals are, by agreement of the parties, consolidated and presented in one record.

The Spry Burial Insurance Company, a corporation, filed the bill of complaint in the Circuit Court, in Equity, of Lauderdale County, Alabama, against Weaver Fuqua, Jr., as Tax Collector of Lauderdale County, seeking to enjoin and restrain him from proceeding with the sale of complainant's property for the collection of taxes assessed against the corporate shares of capital stock by the State Department of Revenue. The taxes assessed are for the tax years 1944 and 1945 and 1947. For the years 1944 and 1945 they were made as escape assessments.

■ Apparently recognizing that courts of equity will not restrain the collection of a tax unless in addition to the illegality of the tax, there is also present a recognized ground of equitable jurisdiction, appellee, complainant in the court below, proceeded upon the theory that there was fraud in the making of the assessments.

■ As we construe it, the bill alleges that the assessments were made to or against the corporation, and not to or against the persons in whose names the shares of stock stand on the books of the corporation. Section 25, Title 51, Code, provides, in part, that: "Every share of any domestic corporation * * * shall be assessed and the taxes thereon collected in the county wherein such corporation has its home or chief office in the state, and shall be assessed at sixty percent of its value to the person in whose name such shares stand on the books of the corporation and not to the corporation. * * * It shall be no ground for objection to such assessment of shares that the same is entered upon the assessment book in the name of the corporation." Section 28, Title 51, provides: "If a corporation by endorsement on its tax assessment or otherwise in writing, shall agree to pay the taxes, if any, assessed on the shares for the shareholders, it need not file a list of such shareholders." The propriety of such an assessment to or against the corporation is fully supported by the decision in the case of Commissioners Court of Washington County v. State ex rel. Fairford Lumber Co., 172 Ala. 242, 55 So. 623, 626, where it was held:

"The assessment complained of was made to the corporation, being of the shares of its stock owned in severalty by Fussey, Conger, and Kelly, corelators with

the corporation. No report was ever made to the assessor on the part of the corporation, as required by subdivision 9 of section 2082 of the Code, informing him as to the number of shares of its capital stock, the names and addresses of its stockholders, and the various other matters therein specified. It is insisted for relators that the assessment thus made is void, because the statute (subdivision 9, of section 2082) declares in terms that such stock 'shall be assessed * * * to the person in whose name such shares stand on the books of the corporation, and not to the corporation.'

"The answer to this contention is furnished by the statute itself, which declares that 'it shall be no ground for objection to such assessment of shares that the same is entered upon the assessment books in the name of the corporation.' Construing this clause in connection with the one first above quoted, it is quite evident that the first, while it expressed a preferred mode of assessment, is yet directory only, in so far as the validity of the assessment is concerned. Prior to the Act of February 18, 1897 (Acts 1897, p. 1489), the shares of the capital stock of any company or corporation required to assess its property in this state could not be assessed against the shareholders. Subdivision 8, § 451, Code of 1886. And since by that act, found substantially unchanged in subdivision 9, § 3911, of Code of 1896, and subdivision 9, § 2082, of Code of 1907, the corporation is still required as formerly to pay for its shareholders the taxes assessed against the stock, the conclusion is strengthened that assessment to the individual owners, as directed, is a matter of form merely, for the information or convenience of the assessor perhaps, but not of the substance of the assessment."

■ The statute at this time does not make it mandatory on the corporation to pay the taxes assessed on the shares of stock, but makes it optional to assume such liability. Section 28, Title 51, Code. If the corporation has assumed liability, it need not file a list of the shareholders

(section 28, supra), and it is not material or prejudicial to it for the assessment of the stock to be made to it. Fairford Lumber Co. case, supra.

■ In view of the Fairford Lumber Co. case, supra, so long a leading precedent in our law on taxation, we think it sound to hold that when the State Department of Revenue made a tentative assessment to it and gave it notice thereof, it was in effect notice that the assessment would be made final and fix a liability on it to pay the amount of the tax on the assessment, unless cause was shown at the time appointed why it should not be done. At that time the corporation could appear and show that it has not agreed to pay the tax on its shares, and that the assessment against it should not be made final, if it desired to take that position. But by not making such a claim before the department it was in effect an admission of liability for the amount of the tax based on the assessment. And the act of the commission in making final the assessment to the corporation, and no appeal being taken from such assessment, made a fixed liability in the nature of a judgment against the corporation for the amount of the tax on the assessment of the shares.

■ In State v. DeKalb County Exchange, Inc., Ala.Sup., 43 So.2d 809,[1] we did hold that under said section 25, supra, the capital stock tax was due to be imposed on the shareholders and not on the corporation. This is quite true in the first instance, but in that case there was a direct appeal by the corporation from the assessment challenging its validity on the ground of non-liability, as appellee is privileged to do in the instant case, but which it failed to do. Being so, and the corporation not having contested the assessment, the other provisions of Chapter 5, supra, have application and, as illustrated above, a liability may be imposed on the corporation for its implied consent to pay the assessment as in the nature of a default judgment against it, which judgment may not now be challenged except for fraud, which is not shown to appear.

1. 253 Ala. 217.

As above indicated the bill of complaint was predicated upon the alleged fraud of the State Department of Revenue in making the assessments. The bill of complaint was presented to Hon. Newton B. Powell, Judge of the Eighth Judicial Circuit of Alabama, who granted a temporary injunction under the provisions of section 1038, Title 7, Code of 1940. On the same day the bill was filed in the Circuit Court, in Equity, of Lauderdale County. Demurrer and a sworn answer were interposed to the bill. Likewise a motion to dissolve and a motion to discharge the temporary injunction were entered in the Circuit Court of Lauderdale County supported by affidavits. Both motions were denied. This appeal is from a decree overruling the demurrer to the bill, and is consolidated on appeal with the decrees denying the motions to dissolve and discharge the temporary injunction.

From the sworn pleadings and affidavits, we think the following facts are without dispute. The appellee, complainant below, is a corporation organized and doing business under the laws of the State of Alabama as a mutual aid insurance company, carrying on the business of burial and life insurance, with its principal place of business in Lauderdale County, Alabama. The appellant, respondent below, is the tax collector of Lauderdale County. Appellee made no return whatever for the tax years 1944 and 1945, as required by section 25, supra, for the taxation of corporate shares of stock. It did make such a return for the year 1947. Appellee did make a return to the Department of Revenue for the assessment of domestic corporation franchise taxes for the tax years of 1944 and 1945. From the data contained in the return for franchise tax purposes, the Department of Revenue, on April 22, 1947, made a tentative or temporary valuation and assessment of the shares of stock of appellee for the tax years 1944 and 1945, and gave notice thereof in writing, by registered mail, return receipt demanded, to the president of appellee, giving notice of the valuation and assessment, stating that "unless objection to this assessment is filed with this department on or before the 6th day of May 1947, the assessment will on that day be made final." The return receipt was duly receipted for by S. L. Spry as president of appellee. Neither the appellee nor any stockholder of appellee made any objection to said valuation and assessment, and the same was made final on May 6, 1947. Thereafter, the original of the final assessment was sent by registered mail to the tax assessor of Lauderdale County, Alabama, and a copy of the final assessment was mailed to the president of appellee at its home address, postage prepaid. No appeal was ever taken from the final assessment made by the Department of Revenue. The valuation and assessment, both temporary and final, for the tax year 1947 were made at the same time and in the same manner as the 1944 and 1945 assessments, except that the data used in arriving at the valuation and assessment was furnished by appellee in accordance with section 25, supra. No appeal was taken from the final assessment made for the tax year 1947.

Section 26, Title 51, Code of 1940, provides for an appeal from a final assessment made by the Department of Revenue of corporate shares of stock under section 140, Title 51, Code. See, also, Empire Mining Co. v. Bowers, 202 Ala. 85, 79 So. 561; Crow, Tax Collector v. Outlaw, 225 Ala. 656, 145 So. 133, as to an adequate remedy at law.

"It is a principle of taxation that, where the state has once proceeded by its duly constituted agencies to the assessment and valuation of property, the determination is judicial in its nature, and conclusive in its results, unless impeached for fraud or want of jurisdiction, or reversed and set aside by some tribunal having authority to review." Anniston City Land Co. v. State, 185 Ala. 482, 64 So. 110, 111; State v. Mortgage Bond Co., 224 Ala. 406, 140 So. 365; State v. Investors' Syndicate, 224 Ala. 409, 140 So. 368; State ex rel. Davis v. Crane Co., 18 Ala.App. 194, 89 So. 901, certiorari denied Ex parte State ex rel. Davis, 206 Ala. 701, 90 So. 926; State v. Doster-Northington Drug Co., 196 Ala. 447, 71 So. 427; Tennessee Coal, Iron and Railway Co. v. Board of Education,

5 Cir., 80 F.2d 307; State v. Neuhoff, 239 Ala. 584, 196 So. 130; State ex rel. Alabama Fuel & Iron Co. v. Templin, 208 Ala. 651, 95 So. 149; Empire Mining Co. v. Bowers, supra.

No question is raised as to the authority and jurisdiction of the Department of Revenue to assess taxes upon corporate shares of stock, and since no appeal was taken from the final assessments in this case, appellee seeks to reopen the assessment on the ground of fraud.

We think that the valuation and assessment of corporate shares of capital stock being judicial in nature, the same rules apply as to when, and under what circumstances, a court of equity will set aside judgments and decrees on the ground of fraud. That is to say, the assessment is impeachable only for actual fraud in the procurement or concoction of the assessment. And our cases are clearly to the effect that the fraud relied upon must be extrinsic. Farrell v. Farrell, 243 Ala. 389, 10 So.2d 153, and cases cited. And it was said in Adler v. Van Kirk Land and Construction Co., 114 Ala. 551, 562, 21 So. 490, 493, 62 Am.St.Rep. 133: "The acts for which a court of equity will, on account of fraud, set aside or annul a judgment or decree between the same parties, rendered by a court of competent jurisdiction, have relation to frauds, extrinsic or collateral, to the matter tried by the first court, *and not a fraud in the matter on which the decree was rendered.*"

The allegation of fraud is, in substance, that the State Department of Revenue, or parties in charge of making the assessments for the State of Alabama, failed to properly compute or determine, in accordance with the provisions of section 25, supra, the value of said shares of stock for tax purposes, and knowingly and fraudulently made said assessments, knowing that no capital stock tax should be assessed against complainant's stock; that said assessment was made for the sole purpose of fraudulently forcing the complainant to pay a tax which it or its stockholders did not owe; and because said assessment was fraudulently made and made with the intent to defraud complainant, it is illegal and void.

Laying to one side the question as to whether the allegations of fraud are mere conclusions, it is clear enough that the fraud, if any, relied upon is intrinsic rather than extrinsic.

It is also elementary that one who seeks relief from a judgment or decree of a court of competent jurisdiction must aver and prove that he himself was free from fault or negligence in suffering the judgment or decree to be entered. Evans v. Wilhite, et al., 167 Ala. 589, 52 So. 845; Wright v. Wright, 230 Ala. 35, 159 So. 220; Farrell v. Farrell, supra.

A motion to dissolve a temporary injunction tests the equity of the bill. Equity Rule 93, Title 7, Appendix, Code of 1940; Adams v. Southern Railway Co., 176 Ala. 320, 58 So. 397.

It is to be noticed however that the evidence for the appellee corporation indicates that there was really nothing due as a capital stock tax under the law, and counsel for appellant seem to argue for a reversal on the same ground on which we have rested this decision, viz., that the judgment is not now assailable on the ground of nonliability. We deem it not improper to observe in passing that if such be the status of the matter and the tax was in fact not owing, then it would be just to afford appellant relief in some other forum, even though it permitted the default assessment to be made against it. The bill being without equity, the demurrer to it should have been sustained and the motion to dissolve the injunction granted.

Reversed and remanded.

FOSTER, SIMPSON and STAKELY, JJ., concur.