229 So.2d 815

**GOLDEN FLAKE, INC.**

**v.**

**STATE of Alabama.**

**6 Div. 22.**

Court of Civil Appeals of Alabama.

Dec. 15, 1969.

Spain, Gillon, Riley, Tate & Ansley, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Willard W. Livingston, and William H. Burton, Asst. Attys. Gen., for the State.

WRIGHT, Judge.

The Tax Assessor of Jefferson County, Alabama, on July 11, 1968, made an "escape assessment" against improvements located on Lot 2, Lyric Building Corporation Resurvey, the property of appellant, Golden Flake, Inc. This lot had been purchased by appellant in 1961, and assessed as vacant property.

During the year 1963, construction was begun on appellant's Lot 2 and the resulting building occupied in September 1964. Appellant did not assess this building with the tax assessor, and had not assessed it, when the escape assessment was made and notice given to the taxpayer in July, 1968. Escape assessment was made for tax years 1965, 1966, 1967, and 1968, at a value of $126,700 each year and a 10% penalty added. The total assessment for the four years was in the amount of $557,480, with taxes due thereon of $20,609.28.

It was agreed that the valuation placed on the improvements was fair, with protest of the escape assessment being filed with the Board of Equalization of Jefferson County. The protest was denied and appeal was taken to the Circuit Court of Jefferson County.

The tax, including penalty, was paid under protest, and the appeal was heard in circuit court on agreed statement of facts, solely on the question of the validity of the escape assessment.

The circuit court found against the taxpayer, from which order this appeal was taken.

There were six assignments of error, all of which are, in essence, the same. The question raised is whether or not assessments for improvements on real estate, assessed as vacant property, and on which taxes, as assessed, have been paid, can be made as "escape assessments" by the assessor for each prior year, up to a total of five, together with a 10% penalty for each year.

The "escape assessment" made by the assessor in this case was under authority of Title 51, Section 53, Code of Alabama 1940, as amended in 1953. The pertinent part of the statute is as follows:

"Whenever the tax assessor shall discover that any property, *including any*

*improvements on real estate assessed as vacant property,* has escaped taxation in any assessment within five years next preceding the current year, he shall list, return and value said property for assessment for the years during which same has escaped taxation, and shall also endorse on such returns the year or years for which the property has escaped taxation, and the accrual of a penalty of ten percent of the taxes assessed thereon for each year. * * *" (Emphasis ours.)

Title 51, Section 53 was, prior to the 1953 amendment, a general escape statute applicable to "any property" which had escaped taxation by failure of assessment. The 1953 amendment added only to the first sentence the phrase underlined in the above quotation.

Appellant relies on the case of State v. Mortgage-Bond Co. of New York, 224 Ala. 406, 140 So. 365, as the controlling case and the authority upon which error is insisted.

State v. Mortgage-Bond Co. of New York was decided by the Supreme Court of Alabama in 1932. There was involved a statute applicable to counties of 300,000 population and above. This statute was approved June 10, 1931, and authorized the deputy tax assessor to "list for assessment and taxation any escaped improvements on real property subject to taxation in Alabama which improvements are not entered on any tax return made to the County Tax Assessors * * *."

The agreed statement of facts in that case was that the property had been assessed as vacant property for the years 1929 and 1930. A house was constructed thereon in September 1928. On June 15, 1931, escape assessment on the property for the value of the improvement was made by the deputy assessor under authority of the 1931 Act.

The question presented on appeal was as to the validity of the escape assessment for the years 1929 and 1930, prior to the passage of the Act of 1931.

Justice Bouldin, in his learned opinion, recited the law as it existed prior to the passage of the Act. He pointed out that though the law required the separate listing of land and improvements on the tax return, this did not constitute them separate items of property, subject to separate and distinct tax liens. The effective statutes defined real estate as inclusive of all structures which would pass by a conveyance of the land. " 'It is a principle of taxation that, where the state has once proceeded by its duly constituted agencies to the assessment and valuation of property, the determination is judicial in its nature, and conclusive in its results, unless impeached for fraud or want of jurisdiction, or reversed and set aside by some tribunal having authority to review. 37 Cyc. 1071.' Anniston City Land Co. v. State, 185 Ala. 482, 487, 64 So. 110, 111; State v. Doster-Northington Drug Co., 196 Ala. 447, 71 So. 427 * * *.

From these authorities it is unquestioned law that a valid assessment, though irregular, and subject to correction through the various agencies set up to secure a fair and full assessment to the · end that all taxable property shall bear its share of the public burden, when it becomes final and taxes are paid accordingly, the proceedings are binding on the state as well as upon the property owner, the tax lien is satisfied, the abstractor may so regard it. The property, and no part of it, can be regarded as an escape, or the property be reassessed as an escape."

There is no question that the law was as Justice Bouldin proclaimed it. However, in relation to the statute under consideration, (for all practical purposes, identical to that here) he stated the following: "This statute must be held, therefore, to create a new class of escapes. Otherwise there would have been no occasion for it. A statute intended to meet defects of substantive law, to remedy evils growing out of the state of the law, is not a remedial stat-

ute within the rule of construction under discussion. We must hold this is not a remedial statute, but one of substantive law, making that an escape which theretofore was not an escape. To apply it to cases where taxes had been assessed upon the realty of which the improvements were a part and the tax lien fully discharged is to create a new charge and a new tax lien not theretofore known to the law."

Appellant, in his brief, adopts the opinion of Justice Bouldin as to the status of the law then existing, but ignores the finding that the applicable statute is "one of substantive law, making that an escape which theretofore was not an escape * * * [and] is to create a new charge and a new tax lien not theretofore known to the law."

The import of State v. Mortgage-Bond Co. of New York, supra, is clear. The statute created a new charge and a new lien on real estate, and was substantive and not remedial. It therefore could have no retroactive effect for the years prior to its passage.

Appellant contends that if the statute under consideration here means what it says, there can be no certainty as to possible liens in real estate transactions. It is insisted that abstractors check the tax collectors records and if they indicate taxes are paid, they certify satisfaction of tax liens. Such may be true, but in view of Title 51, Section 53, as amended 1953, the abstractor would be advised to go further and check the assessors' records to determine if improvements are assessed.

We grieve for the abstractor, but foresee more diligent assessment of improvements by absent-minded owners who may forget for four years that a $150,000 plant had been built on its vacant property.

The case of Graves v. McDonough, 264 Ala. 407, 88 So.2d 371, is cited as authority by appellant. It is contended that it supports State v. Mortgage-Bond Co. of New York, supra. We agree that it does. It was decided on the basis of Justice

Bouldin's statement of the law then existing and which was still the general law of the state until the passage of the 1953 amendment to Title 51, Section 53, Code of Alabama 1940. Although Graves v. McDonough, supra, was decided by the Supreme Court of Alabama subsequent to the passage of the 1953 amendment, the years involved in the "escape assessment" were 1947 through 1951. Thus it is not decisive here.

The question of the applicability of the general statutes for time of assessment and protests is raised by appellant in brief. These statutes are Title 51, Sections 80, 81, and 82. It is insisted that since the escape assessment was made in July, some two months after May 15, the deadline for protests in the above Section 82, it came too late.

We cannot agree. Title 51, Section 53, as amended, is a separate and distinct assessment statute. It specifically states that it is effective *"Whenever* the tax assessor shall discover * * *."* It provides for an entirely different method of protest.

■ The remaining contention of appellant is that it is being unfairly taxed with double taxation. This allegation is based on the fact that it paid its taxes under Title 51, Section 25. This is the statute controlling assessment of the shares of capital stock of a domestic corporation. Golden Flake, Inc. allagedly did not deduct the assessed value of the escaped improvement from the assessed value of its capital stock as provided by this statute, and thus paid additional tax on its stock. The rate is stated to be the same for tax purposes.

This averment may be true, however, Title 51, Section 25, has an interesting provision which covers the situation in which appellant finds itself. That provision reads as follows: " * * * Provided, however, that if any property owned by a corporation which property is subject to taxation in this state is omitted from the tax return filed by said corporation, the

same shall be assessed as an escape item or item of taxation in the same manner as escaped property of individuals and the value of such omitted property shall not be deducted from the value of the shares of stock of the corporation as assessed for taxation. * * *"

Fortunately, this so-called double taxation will not apply to appellant should it forget to assess improvements in the future. We note from the record that it is no longer a domestic corporation but is now a foreign corporation, and not subject to the provisions of Title 51, Section 25.

As a summation of this opinion, we find that the escape assessment as determined by the tax assessor, and confirmed by decree of the Circuit Court of Jefferson County, is valid in all respects, including penalty, under authority of Title 51, Section 53, Code of Alabama 1940, as amended, and that the decree of the court below is affirmed.

Affirmed.