(89 South. 754)

**CEYLON CO. v. HAWKINS, Tax Collector.**
**(6 Div. 390.)**

(Supreme Court of Alabama. June 23, 1921.)

**1. Taxation ☞317(2)—Assessment of corporation stock may be made by tax adjusters without assessor's return.**

Under Revenue Act, § 12, providing for taxation of shares of corporations except banks, and presenting certain powers and duties of tax assessors, section 34, requiring such assessors to perform duties prescribed, and sections 89–108, relating to county tax adjusters, the real assessment is by the adjuster or board of adjusters, and not by the assessor, their valuation being final under their power to revalue in passing on the assessor's return, and it was immaterial that the board made the assessment in the first instance.

**2. Taxation ☞611(5) — Bill to enjoin collection of taxes for corporate shares held insufficient.**

A bill to enjoin the collection of taxes, that failed to aver that the required notice from the tax adjuster, as provided by Revenue Act, § 88, was not given, nor that the taxpayer availed or attempted to avail himself of the statutory remedies to have the assessment set aside or reviewed, but seeks relief because the initial re-

turn to the tax assessor was not passed on by that official, but by the tax board, is insufficient.

**3. Constitutional law ☞284(1)—Taxation ☞ 37—Statutory provisions for assessing tax on corporate stock give taxpayer his day in court.**

A tax on corporate stock under Revenue Act, § 12, made primarily by the board of tax adjusters, and not by the assessor, was not a denial of due process of law, as the board, under its power to revalue in passing on the assessor's return, makes the real assessment, and sections 88, 138, 145, 146, and Code 1907, § 2228, affording the taxpayer a day in court.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Bill by the Ceylon Company against James F. Hawkins, as Tax Collector, etc., to enjoin the collection of taxes assessed against the capital stock of said corporation. From a decree sustaining demurrers to the bill, complainant appeals. Affirmed.

The bill attacks the validity of an assessment of all the shares of stock of Ceylon Company made by the board of tax adjusters of Jefferson county, the point of the attack being the valuation of all these shares pursuant to section 12 of the Revenue Act (Laws 1919, p. 290), made by the board of tax adjusters instead of by the assessor, as it is provided it shall be made by section 12, and on other grounds that will be referred to in the argument. A tax of $2,018.81 was assessed against these shares, and it is charged that, unless restrained, the tax collector will proceed under section 211 of the Revenue Act, and levy on the shares of stock. The shares of stock are owned by 18 different persons, and the equity of the bill is that plaintiff has no adequate remedy at law, and in fact no remedy, to recover said taxes if it pays them, and to avoid a multiplicity of suits.

Percy, Benners & Burr, of Birmingham, for appellant.

The court erred in sustaining demurrers and denying the injunction. Section 12, p. 290, Acts 1919; subdiv. 9, § 2082, Code 1907; 172 Ala. 242, 55 South. 623; 25 R. C. L. 1010. Complainant had no other recourse. 162 Ala. 171, 50 South. 394. The bill was also good to prevent multiplicity of suits. 196 Ala. 240, 72 South. 48.

Harwell G. Davis, Atty. Gen., for appellee.

The bill was without equity. Sections 83, 85–88, p. 290, Acts 1919. The notice was sufficient, and the complainant had his remedy in sections 89 to 180, inclusive, of the Revenue Act. 26 R. C. L. 245; Cooley on Taxation, pp. 59 to 64; 202 Ala. 85, 79 South. 561; 188 Ala. 401, 66 South. 1; 170 Ala. 549, 54 South. 48, Ann. Cas. 1912D, 815; 253 U. S. 325, 40 Sup. Ct. 558, 64 L. Ed. 931. The

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

complainant wholly misconceived the purposes and intentions of section 12 of said act. 118 Ala. 151, 22 South. 627, 72 Am. St. Rep. 143; 160 Ala. 396, 49 South. 404. The taxpayer must resort to his statutory remedy, before availing himself of equity jurisdiction. 59 Ala. 219; 200 Ala. 287, 76 South. 53; 54 Ala. 499; 102 Ala. 556, 15 South. 275; 145 Ala. 159, 41 South. 296, 117 Am. St. Rep. 26; 173 Ala. 209, 55 South. 803; 195 Ala. 572, 71 South. 100. The statute gave the taxpayer his day in court.

THOMAS, J. The bill challenges the validity of assessment for taxes on the stock of Ceylon Company, a corporation. The alleged assessment is averred to have been made by the board of tax adjusters of Jefferson county, and not pursuant to section 12 of the Revenue Act.

A tax of $2,017.81 was assessed against the 977 shares of capital stock in said corporation, and it is alleged that, unless restrained, the tax collector will proceed to levy on said shares and sell the same pursuant to the provisions of section 211 of the Revenue Act, and that said shares are owned by 18 different stockholders. The alleged equity of the bill is "that plaintiff has no adequate remedy at law, and in fact no remedy, to recover said taxes if it pays them," and to avoid a multiplicity of suits. The demurrer of the tax collector was sustained, injunction was refused, and complainant appealed, assigning this ruling as error.

Pertinent portions of the Murphree Act, "To provide for the general revenue of the state of Alabama" (Acts 1919, pp. 282, 290, 314) with respect to the assessment of shares of capital stock in corporations, are as follows:

"Every share of any corporation, except banks or banking associations, shall be assessed and the taxes thereon collected in the county wherein such corporation has its home or chief office in the state, and shall be assessed at sixty per cent. of its reasonable cash value to the person in whose name such shares stand on the books of the corporation, and not to the corporation. The president or managing officer of every such corporation shall make out and return under oath to the assessor of the county in which the home or chief office of the corporation is located, a list showing the total number of shares of capital stock of such corporation, and the par value thereof, and the full name and residence of each shareholder, as far as known, the actual market value of such shares and the par value thereof, the date of the last sale of stock in such corporation, with the name of the seller and the purchaser and the price paid for same, and the annual dividend declared on the stock of such corporation for the last three years, the value of the shares as shown by the books of the corporation, and by the last report of the officers to the shareholders, and the amount of the surplus, and the amount of undivided profits not included in the surplus, and each president or managing officer shall at the same time return to the assessor a sworn statement of all taxable property, real and personal, owned by such corporation, situated in the state, and the county tax assessor, after passing upon such return, shall deduct from the total value of the shares the reasonable cash value of the real and personal property of the corporation, and sixty per cent. of the residue of value remaining after such deduction shall be the assessed value of the whole of such shares, and such sixty per cent. of the residue divided by the whole number of shares, shall constitute the value of each share for taxation, and the corporation shall pay for the shareholders the tax assessed against his shares, and the amount so paid for any shareholder shall be a lien on any interest which such shareholder may have in any property owned by the corporation." Section 12.

And further, for the arriving at the value of such shares, concludes:

"And the tax assessor making assessment of the property of such corporations shall have the right to demand and receive of said corporation a certified copy of the assessment of any property outside the state of Alabama sought to be deducted as above provided."

The foregoing is contained in subdivision 9 of section 2082 of the Code of 1907. This subdivision was adverted to in Commissioners' Court of Washington County v. State ex rel. Fairford Lumber Co., 172 Ala. 242, 255, 55 South. 623, 627, as follows:

"Our statute (subdivision 9, § 2082) by its very terms is careful to guard against double taxation by means of the assessment of both corporate property and corporate stock, by requiring the assessor to deduct from the estimated value of the stock the already assessed value of the corporate property; the remainder only being the assessable value of the stock. If the assessment returned by the assessor does not conform to this requirement, the facts should by the corporation be made known to the commissioners' court."

In section 34 of the act the tax assessor is required to perform "such duties as are prescribed by this act, or as may hereafter be provided by law," etc.

The question for decision cannot be rested solely on the foregoing statutory provisions. Other requirements and provisions are those contained in sections 75 to 108, for county tax adjusters, and wherein it is required that on the date specified the "county tax adjusters shall each begin the valuation and equalization of all taxable property in the county for which he was appointed for the assessment of taxes to be levied thereon during the current fiscal year," and enter the same upon the "tax lists as returned by the taxpayer, or as otherwise listed for taxes" (section 83); shall "visit, inspect, examine, equalize and value each piece and parcel of real property in the county, and * * * cause to be recorded upon the land and lot books sixty per cent. of the reasonable cash

value of such real property" (section 85); shall annually "fix the value of all taxable property, other than real property, as shown by the assessment lists, and such values shall be entered thereon by" such officials, and the "value so fixed and returned to the tax assessor shall be the taxable value of the property so valued and equalized" by the county tax adjusters (section 86); shall assess all escaped property not returned by the tax assessor or taxpayer (section 87); after, "valuing and equalizing property subject to taxation in his or its county, and such valuation shall have been entered on the assessment lists," duly certified and the assessment lists delivered to the tax assessor, the same shall be "open to public inspection," and notice thereof be given as required by law that "said county tax adjuster or board of tax adjusters will sit at the courthouse in the county, beginning on the first Monday in June, to correct any errors in the assessments or valuations, and it shall be the duty of the county tax adjuster or board of tax adjusters to see that such notice is given" (section 88); and comprehensive provisions and procedure for hearing and trying the issues made by the taxpayer are embraced in section 89 of the act.

The subsequent provisions embodied in sections 89 to 108, inclusive, provide for "hearing objections" and trial of the issue of assessed value; corrections of valuations; that "the county tax adjuster or board of tax adjusters shall have and exercise exclusive right, each in his or its respective county, to fix the taxable value of all property therein not specifically required to be assessed otherwise, subject only to the right of appeal, except as otherwise provided by this act." Section 92. And to this end the county tax adjuster or board of tax adjusters, in the performance of his or their duties under the provisions of the act, is given the same power and authority vested in county boards of equalization, which latter boards are abolished. Section 91.

It is specifically provided that in the exercise of the enlarged powers conferred upon the county tax adjuster or board of tax adjusters that it shall not be his or their duty to value railroad property, telegraph or telephone lines, "or any other property required by this act to be assessed by the State Tax Commission" (section 93); that the power is given to issue and serve subpœna, notice, etc.; to represent the interest of the state before the court of county commissioners or other court of like jurisdiction; of appeals and trials de novo in circuit courts, and of appeals to the Court of Appeals or the Supreme Court. That is to say, the right and opportunity of a hearing and of appeal from the assessment made by the county tax adjuster or board of tax adjusters, from the initial assessment to the Supreme Court, are amply provided. Cochran v. State, ante, p. 74, 89 South. 278.

[1] The legal effect of the several statutory provisions is that the tax adjuster must value all property returned for taxation (unless expressly exempt as indicated), and such adjustment or valuation is final (unless reversed on appeal), and required to be returned to the tax assessor, of which due notice must be given by publication (sections 88, 138, 145, 146); and the subsequent statutory provisions guarantee to an objecting taxpayer a day in court (Code, § 2228; State Tax Com. v. T. C. I. Co., 89 South. 179;[1] Windsor v. McVeigh, 93 U. S. 274, 277, 278, 23 L. Ed. 914; Pennoyer v. Neff, 95 U. S. 714, 733, 24 L. Ed. 565, and authorities collected in Edmondson v. Jones, 204 Ala. 133, 85 South. 799, 804, 805). For sufficiency of tax notices, see Hagar v. Reclamation Dist., 111 U. S. 701, 4 Sup. Ct. 663, 28 L. Ed. 569; Mich. Co. v. Powers, 201 U. S. 245, 26 Sup. Ct. 459, 50 L. Ed. 744; Lander v. Merc. Nat. Bank, 186 U. S. 458, 22 Sup. Ct. 908, 46 L. Ed. 1247; 26 R. C. L. 346.

[2] The bill fails to aver that the required notice was not given or not sufficient to authorize the assessment. 26 R. C. L. 345–347, § 303; 1 Cooley on Tax. (3d Ed.) pp. 59–63; Empire Min. Co. v. Bowers, 202 Ala. 85, 79 South. 561. The bill does not allege that the taxpayer availed or attempted to avail of the ample statutory remedies to have the instant assessment duly set aside or reviewed. And without averring that the assessed value so fixed was excessive, or denying that assessment and valuation should be made on its capital stock, after the expiration of the tax year, by the instant bill prays injunction to defeat the payment or collection of taxes because its initial return to the tax assessor was not apparently passed upon by that official, but by the board having the required supervisory power of such assessment had the return been passed upon by the tax assessor. If the tax assessor had passed upon the return by complainant's president or managing officer, the county tax adjuster or board of tax adjusters was or were required forthwith to revalue or equalize the same, etc.; hence, as we have indicated, the real or primary assessment is by the latter official or board. The analogy found in Ex parte State v. Lovejoy, 188 Ala. 401, 66 South. 1, would deny a right to the equitable remedy sought.

[3] We are not impressed with the suggestion that there has been a deprivation of the stockholder's or the corporation's property without due process of law, or that the action taken by the taxing authorities was, as to complainant, contrary to the Fourteenth Amendment to the Constitution of the United States. The opportunity to be heard

---

[1] Post, p. 355.

—the day in court—was provided. Windsor v. McVeigh, supra; Pennoyer v. Neff, supra; Gill v. More, 200 Ala. 511, 76 South. 453.

The decree of the circuit court is affirmed. Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.