(95 South. 149)

**STATE ex rel. ALABAMA FUEL & IRON CO. v. TEMPLIN et al.** (7 Div. 346.)

(Supreme Court of Alabama. Jan. 11, 1923.)

**I. Taxation ⬤═466—State tax commission may assess property and set aside valuations, unless previously confirmed by a court of record on appeal.**

By Revenue Act, 1919, § 138, subd. "m," the state tax commission may assess property subject to taxation, set aside valuations or assessments made by county officials within the state, and reassess or revalue property, unless the valuation or assessment was previously in the same tax year confirmed or determined by a court of record on appeal.

**2. Taxation ⬤═478 — Taxpayer may appeal within 30 days from revaluation by state tax commission.**

Under Code 1907, § 2229, and Revenue Act 1919, § 138, subd. "m," a taxpayer, within 30 days from the final determination of the state tax commission fixing the value of property, may appeal to the court of county commissioners or board of revenue of the county.

**3. Taxation ⬤═490—State tax commission, in reassessing and revaluing property acts judicially, and findings are in nature of judgments.**

The state tax commission in reassessing and revaluing property acts judicially, and, when so acting. it is a court with judicial powers, and its findings are in the nature of judgments, and by Code 1907, § 2233, are conclusive, unless impeached for fraud or want of jurisdiction, or reversed or set aside by some tribunal having authority to review.

**4. Appeal and error ⬤═359—Application for appeal filed with court rendering judgment.**

Applications for appeals from judgments should be filed with the court rendering them, and not with the court to which the appeal is taken.

**5. Taxation ⬤═480 — State tax commission must certify appeals to board of revenue.**

An appeal from a judgment of the state tax commission to the board of revenue can be placed before the board only on certificate from the commission certifying the appeal, the proceedings of record before the commission, and a copy of its judgment.

**6. Taxation ⬤═480—Filing application for appeal by taxpayer with board of revenue did not give board jurisdiction.**

The filing by a taxpayer of an application with the board of revenue for an appeal from a judgment of the state tax commission, together with findings as to values, does not give the board of revenue jurisdiction.

**7. Taxation ⬤═480—Board of revenue can try case de novo after proper appeal from judgment of state tax commission.**

In view of Code 1907, §§ 2233, 2234, the board of revenue cannot supersede the revaluation judgment of the state tax commission, but can try the case de novo after it is properly appealed to it from the judgment of the state tax commission.

**8. Mandamus ⬤═10—Will not lie to compel board of revenue to hear appeal not properly taken.**

Where the board of revenue had no jurisdiction of an appeal from a judgment of the state tax commission assessing property because of defective proceedings, mandamus will not lie to compel the board to hear and determine the case.

Appeal from Circuit Court, Shelby County; W. L. Longshore, Judge.

Petition by the State of Alabama, on the relation of the Alabama Fuel & Iron Company, for writ of mandamus to W. H. Templin and others. Judgment denying the writ, and relator appeals. Affirmed.

Percy, Benners & Burr, of Birmingham, for appellant.

Appeals are remedial and favored by the courts, and statutes providing for same will be liberally construed. 186 Ala. 567, 64 South. 960. See Acts 1919, p. 322, § 138 (m). Notice of appeal, if necessary, is sufficient, if given within 30 days. Code 1907, § 2229; 206 Ala. 355, 89 South. 190.

Harwell G. Davis, Atty. Gen., and James J. Mayfield, Asst. Atty. Gen., for appellees.

———

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The right of appeal is a statutory, not a common-law, right. The right never exists, unless conferred by statute, and the mode prescribed by the statute must be pursued to perfect an appeal. Acts 1919, p. 322, § 138.

MILLER, J. This proceeding was commenced in the circuit court of Shelby county by petition of appellant, the state, on relation of Alabama Fuel & Iron Company, a corporation, against W. H. Templin and others, as members of the board of revenue of Shelby county, for writ of mandamus to compel the board of revenue to hear a tax case, appealed from the reassessment of and revaluation fixed upon the petitioner's property by the state tax commission for the years 1920 and 1921. The board of revenue answered the petition by denying that any appeal had been taken by the Alabama Fuel & Iron Company from the judgment reassessing and revaluing its property by the state tax commission. The cause was tried on an agreed statement of facts; the circuit court denied the petition for mandamus, rendered judgment accordingly, and this appeal is prosecuted therefrom and that judgment is assigned as error. These are the facts necessary to be stated for an understanding of the cause.

The Alabama Fuel & Iron Company, a corporation, filed an assessment and valuation of its property in Shelby county for the years 1920 and 1921 with the tax assessor. The state tax commission, after notice and a hearing, did, on March 29, 1922, by an order or judgment fix the valuation of that property of petitioner for the years 1920 and 1921. The Alabama Fuel & Iron Company, a corporation, the petitioner, was dissatisfied with such revaluation of its property as fixed by the state tax commission, and on April 8, 1922, filed with the board of revenue of Shelby county a written statement signed by it, expressing its dissatisfaction with and its desire to appeal, and its appeal from the judgment rendered by the state tax commission in that proceeding to the board of revenue of Shelby county, and prayed that—

"This appeal shall be docketed and proper action taken and notice given as contemplated by the laws of Alabama."

This written application for an appeal was filed with the board of revenue of Shelby county, and not with the state tax commission. It bears this heading:

"State of Alabama v. Alabama Fuel & Iron Co. "In the Board of Revenue, Shelby County."

Together with this indorsement:

"Filed in the office of the board of revenue, this 8th day of April, 1922. A. M. Richards, Jr., Clerk of the Board of Revenue, Shelby County, Alabama."

The clerk of the board of revenue turned over that instrument to the tax adjuster of the county, after it was filed with the board of revenue, and the tax adjuster, on April 24, 1922, mailed it to the state tax commission at Montgomery, Ala. A letter mailed as this one at Columbiana, Ala., would reach Montgomery on the same day or the day thereafter. On May 16, 1922, the state tax commission acknowledged receipt of, and May 18, 1922, returned, that instrument filed with the board of revenue to the tax adjuster of Shelby county, accompanied by a letter. In the letter acknowledging receipt of it and in the letter returning it, the state tax commission stated no appeal had been taken from their action or judgment, and the board of revenue had no right to hear or had no jurisdiction of the case. The former letter stated a member of the tax commission would be present on the day set for the trial, and the latter letter stated no member would be present at the trial, as no appeal had been taken, and expressed the hope "that the board of revenue will not attempt any action in the case."

The tax adjuster returned the instrument to the clerk of the board of revenue. The case was set for trial for May 22, 1922, and on that day the Alabama Fuel & Iron Company by its attorneys appeared, and the case was continued without prejudice to May 29, 1922, and on that date the company with its attorneys and witnesses appeared before the board of revenue, demanded a trial, claiming an appeal from the revaluation of its assessments by the state tax commission was properly before them on appeal for trial. The board of revenue refused to try the case or take any action concerning the alleged appeal, and held there was no such case before it.

[1, 2] The state tax commission has authority to assess any property subject to taxation, and to set aside any valuation or assessment of property made by any county official within the state, and to reassess or revalue the property, unless the valuation or assessment shall have been previously in the same tax year confirmed or determined by a court of record on appeal. Section 138, subd. "m" of Revenue Act of 1919, p. 322, Gen. Acts 1919; State Tax Comm. v. Tenn. C. I. & R. Co., 206 Ala. 355, 89 South. 179. The taxpayer may appeal from such revaluation made by the state tax commission to the court of county commissioners or board of revenue of the county, and have a trial de novo. Section 138, subd. "m" of Revenue Act of 1919, p. 322; Mooring v. Braswell, 207 Ala. 34, 91 South. 869. This appeal must be taken within 30 days from the final determination or judgment of the state tax commission fixing the value of the property. Section 2229 of the Code of 1907; State Tax

Comm. v. Tenn. Coal Iron R. Co., 206 Ala. 355. 89 South. 179. The statute is silent as to the manner and mode of taking the appeal. The right to appeal to the board of revenue is given the taxpayer from the revaluation of the property by the state tax commission, but how must this be done within 30 days from the date the value of the property was determined by an order or judgment of the state tax commission?

[3] Sections 2229, 2233, and 2234 of the Code refer to the assessment or reassessment of the property as a final determination, judgment, binding assessment, valuation, or orders of the state tax commission. The assessment or reassessment and valuation of property by the duly constituted authorities or agencies of the state is judicial in its nature; has the effect of a judgment of a court. The state tax commission, in reassessing and revaluing the property, is acting judicially, and when so acting it is a court with judicial powers, and the findings are in their nature judgments: and it is "conclusive in its results, unless impeached for fraud or want of jurisdiction, or reversed and set aside by some tribunal having authority to review." Anniston City Land Co. v. State, 185 Ala. 487, 64 South. 111; 37 Cyc. 1071; section 2233 of the Code of 1907. The statute and the act so contemplate as they allow appeals from the judgment within 30 days after it is rendered by the state tax commission to the board of revenue and a trial there de novo. Section 138, Revenue Act 1919, p. 322; sections 2229 and 2233, Code 1907; State Tax Comm. v. Tenn. C. I. R. Co., 206 Ala. 355, 89 South. 179; Mooring v. Braswell, 207 Ala. 34, 91 South. 869.

[4-6] All applications for appeals from judgments of courts should be filed with the court rendering the judgment, and not with the court to which the appeal is taken, unless otherwise provided by statute, so the inferior court would know thereof, and could certify all proceedings in the case, including copy of its judgment, to the superior tribunal. The state tax commission has original jurisdiction and the board of revenue has only appellate jurisdiction of this proceeding. It cannot be placed before the board of revenue direct by the Alabama Fuel & Iron Company. It must go there from the state tax commission by appeal from its judgment. It can reach the board of revenue only by appeal. The state tax commission, and not the Alabama Fuel & Iron Company, must certify the appeal, the proceedings of record before it, and copy of its judgment to the board of revenue. The state tax commission cannot certify the appeal to the board of revenue until an application for it is made by the Alabama Fuel & Iron Company. This written application for the appeal should have been filed by the Alabama Fuel & Iron Company with the state tax commission, instead of the board of revenue. The filing of the application for the appeal by the Alabama Fuel & Iron Company with the board of revenue, together with the findings of the state tax commission as to the values, did not give that court jurisdiction of the cause.

[7] Under section 2234 of the Code of 1907 any appeal from any finding, judgment, assessment, valuation, and orders of the state tax commission shall operate as a supersedeas of such finding, judgment, assessment, valuation, and orders. This from necessity implies that the application for the appeal must be filed with this court, the state tax commission. to secure the appeal, and to obtain a supersedeas of its finding, judgment, assessment, valuation, and orders, so it will stay all further proceedings, except to certify its judgment and the papers in the cause to the superior court, the board of revenue, for a trial there de novo. The board of revenue cannot grant the appeal. It cannot supersede the revaluation judgment of the state tax commission. It can try the case de novo after it is properly appealed to it from the judgment of the state tax commission. Sections 2233, 2234, Code 1907; Revenue Act 1919, p. 322, § 138, subd. "m"; Mooring v. Braswell, 207 Ala. 34, 91 South. 869.

The agreed statement of facts states that the written instrument, praying for an appeal, "was filed with the board of revenue of Shelby county by the Alabama Fuel & Iron Company, acting through its duly authorized agent." There is no evidence indicating that the tax adjuster in mailing the instrument, so filed, to the state tax commission, was acting as agent for the Alabama Fuel & Iron Company, or that the Alabama Fuel & Iron Company intended to file the instrument with the state tax commission. It appears as if this was done by the tax adjuster without the knowledge, consent, or approval of the Alabama Fuel & Iron Company, and for the sole purpose of posting the state tax commission of its action.

[8] No appeal from the judgment reassessing and revaluing the property of the Alabama Fuel & Iron Company, rendered by the state tax commission on March 29, 1922, for the years 1920 and 1921 was taken to the board of revenue; the board of revenue therefore had no jurisdiction of and no right to try de novo the cause; and the circuit court did not err in refusing the petition of the Alabama Fuel & Iron Company to compel the board of revenue to hear and determine it.

The record is free from error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.